AO106(Rev.5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

THE PREMISES OF A
(INTERIOR AND EXTERIOR)
GREEN FORD ESCORT,
TEMPORARY TAG  Z88940
VIN (1FARP15JORW163046)
AND LAPTOP COMPUTER, PRINTER
AND SCANNER
(Further described below)

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

CASE NUMBER:

I    CHAD BREWER    being duly sworn depose and say:

I am a(n)    Special Agent with the United States Secret Service    and have reason to believe
                    (Official Title)
that ☐ on the person of or ☒ on the property or premises known as   (name, description and or location)
**A green Ford Escort, District of Columbia temporary tag Z88940, vehicle identification number
 1FARP15JORW163046, and laptop computer, printer and scanner contained therein**

there is now concealed a certain person or property, namely (describe the person or property to be searched)
**contents more fully described in paragraph 12, which is incorporated reference**

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)
**evidence, fruits, and instrumentalities of the crimes**

concerning a violation of Title   18   United States Code, Section(s)  § 471  . The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.     ☒ YES    ☐ NO

JEFFREY R. RAGSDALE, Chief
Federal Major Crimes Section
(202) 514-8321

Signature of Affiant
Chad Brewer,  Special Agent
United States Secret Service,

Sworn to before me, and subscribed in my presence    Diplomatic Security Service

at Washington, D.C.

Date

Name and Title of Judicial Officer

Signature of Judicial Officer

**AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT**

A.  AFFIANT BACKGROUND

1.  Your affiant in this matter, CHAD BREWER (hereinafter referred to as "the affiant"), is a Special Agent with the United States Secret Service (hereinafter referred to as "USSS"), which is part of the United States Department of Homeland Security.  The affiant has been with the USSS since December 2004.  The affiant has conducted several investigations involving counterfeiting and financial crimes, and has participated in the execution of numerous search warrants and arrests as a Special Agent.

2.  Your affiant has completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Brunswick, Georgia.  During this training, the affiant received training in Constitutional law governing search and seizure, federal rules of evidence, investigative methods, interviewing, crime scene processing, and court testimony.  The affiant has also completed the Special Agent Training Course at the USSS's James J. Rowley Training Center in Beltsville, MD.  During this training, the affiant received training in investigating several crimes, including false identification, forgery, counterfeiting, fraud, and computer crimes, as well as the investigative methods mentioned above.

3.  Your affiant also holds a Master's of Forensic Science degree from the George Washington University in Washington, DC.  The affiant's studies included federal criminal law; federal rules of evidence; crime scene photography, investigation and interpretation; firearms and tool marks identification; human identification and pathology; biological evidence; terrorism; and drug trafficking.

4.     Your affiant is familiar with the facts and circumstances of this investigation. All relevant events described herein occurred in the District of Columbia. The information contained in this affidavit is based upon the affiant's personal knowledge, knowledge obtained during his participation in this investigation, knowledge obtained from other individuals, and information gained through his training and experience. Since this affidavit is being submitted for the limited purpose of supporting a search warrant, the affiant has not included every fact known to him concerning this investigation. The affiant has set forth only those facts which he believes are necessary to establish probable cause that the defendant named herein has violated counterfeiting statutes and that evidence of such criminal acts might be found in the defendant's vehicle.

B.    PROBABLE CAUSE

5.     On Saturday, 12/9/06, at 3:16 a.m., the defendant, MELVIN CLAUDIUS JOHNSON, was stopped while driving in Washington, DC, by officers of the Washington, DC, Metropolitan Police Department (hereinafter referred to as "MPD") for improper display of a rear license plate and for having an inoperable rear tail light. Also present in the vehicle were two other individuals, identified as Edgar Onyekwgre and Lamin Mansaray. JOHNSON was unable to produce a valid driver's license and vehicle registration, and the vehicle's vehicle identification number was not of record. JOHNSON was arrested for these traffic offenses and subsequently searched incident to arrest. During the search, MPD officers found seven counterfeit $20.00 Federal Reserve Notes on JOHNSON'S person, located in his wallet. All three individuals were transported to MPD's Fourth District office, located at 6001 Georgia Avenue, NW, Washington, DC.

6.     During the search of JOHNSON"S vehicle incident to arrest, MPD officers found a partially cut out counterfeit $20.00 Federal Reserve Note torn into two pieces under the driver side front seat. MPD officers found in the front driver side door pocket two sheets of paper with the front

plate of a counterfeit $20.00 Federal Reserve note printed in color on each sheet.  Also found in the front driver side door pocket was a third sheet of paper with the back plate of a counterfeit $20.00 Federal Reserve Note, printed in color.

7. The MPD officers also observed in the vehicle a pair of scissors and numerous pieces of cut paper.  MPD officers observed in the rear of the vehicle through the vehicle's rear hatch-style window a scanner, printer, and laptop computer hooked up to a car battery.

8. The Washington Field Office of the Unites States Secret Service (hereinafter referred to as "USSS") was notified of the incident by the Fourth District of MPD.  Special Agents of the USSS responded and confirmed the $20 Federal Reserve Notes were counterfeit.  Special Agent Robert Burroughs and Special Agent Chad Brewer advised JOHNSON of his Miranda Rights, which JOHNSON invoked.

9. In your affiant's training and experience as a USSS Special Agent, he has learned that it is possible to produce counterfeit currency using an operable computer, scanner, and printer, in conjunction with common papers and scissors.

C. REQUEST FOR A SEARCH WARRANT

10. Based upon the above statement of facts and circumstances,  the affiant submits that there is probable cause to believe that there will be found in the green Ford Escort, District of Columbia temporary tag Z88940, vehicle identification number 1FARP15JORW163046, evidence of violations of 18 U.S.C. 471 (Obligations or Securities of the United States).  The affiant submits that it is reasonable to expect that equipment, supplies, documents, and images used to produce counterfeit currency will be found in the green Ford Escort, described above.

11. The affiant requests that a search warrant be issued for the interior and exterior compartments of the green Ford Escort, District of Columbia temporary tag Z88940, vehicle

identification number 1FARP15JORW163046, which was being driven by JOHNSON at the time of his arrest, for any items, equipment, supplies, documents, or instrumentalities that may be used in the production of counterfeit currency.

12.     The affiant also requests that a search warrant be issued authorizing the search, seizure, and examination of the laptop computer, printer, and scanner that are currently in the rear hatchback area of the green Ford Escort, described in the above paragraphs.  Based on the affiant's knowledge and experience and that of the USSS, the affiant knows that searching and seizing information from computers often requires agents to seize most or all electronic storage devices (along with related peripherals) to be searched later by a qualified computer expert in a laboratory or other controlled environment.  This is true because of the following:

(A) The volume of evidence.  Computer storage devices (like hard disks, diskettes, tapes, laser disks) can store the equivalent of millions of information.  Additionally, a suspect may try to conceal criminal evidence; he or she might store it in random order with deceptive file names.  This may require searching authorities to examine all of the stored data to determine which particular files are evidence or instrumentalities of crime.  The sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical and invasive to attempt this kind of data search on-site.

(B) Technical Requirements.  Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment.  The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert is qualified to analyze a system and its data.  In any event, however, data search protocols are exacting scientific procedures designed to protect the integrity of the evidence and to recover even "hidden", erased,

compressed, password-protected, or encrypted files. Because computer evidence is vulnerable to inadvertent and intentional modification or destruction (both from external sources or from destructive code embedded in the system as a "booby trap"), a controlled environment may be necessary to complete an accurate analysis. Further, such searches often require the seizure of most or all of the computer system's input/output peripheral devices, related software, documentation, and data security devices (including passwords) so that a qualified computer expert can accurately retrieve the system's data in a laboratory or other controlled environment.

_____
Special Agent Chad Brewer
United States Secret Service


Sworn to and subscribed before me this _____ day of December, 2006

                                                                           _____
                                                                           United States Magistrate Judge
                                                                           District of Columbia